**Cohen v. Osser**

*Henry P. Begier, Jr.,* for plaintiffs.
*Levy Anderson,* for defendants.

ROSENBERG, CHALFIN and CIPRIANI, JJ.,

March 9, 1971.—This matter is before the court on plaintiffs' complaint in equity and rule thereon upon defendants to show cause why an injunction should not issue enjoining each and all of defendants from performing any acts whatsoever applying, effectuating, implementing or enforcing the councilmanic redistricting ordinance created by bill no. 2240, as amended, ordained by the Council of the City of Philadelphia and approved by the Mayor of the City of Philadelphia on February 11, 1971, entitled "AN ORDINANCE Amending Section 20-501 of The Philadelphia Code, relating to boundaries of Councilmanic Districts, by revising the boundaries of Councilmanic Districts, under certain terms and conditions," alleging as their reasons therefor that said ordinance is invalid, unconstitutional, and unlawful. Plaintiffs additionally seek, first, an order delaying the last date for the filing of nomination petitions of district councilmen in the primary election scheduled May 18, 1971; secondly, that this court establish a new final date for the filing of nomination petitions consistent with the holding of said primary election on the scheduled date of May 18, 1971; thirdly, an order directing the Philadelphia County Board of Elections to accept for filing all nomination petitions by candidates for district councilman filed on or before said new filing date that are otherwise in due and proper form as specified by the laws of Pennsylvania; and finally, an order directing defendant, the Council of the City of Philadelphia, to ordain a new redistricting ordinance which meets the Federal and State constitutional requirements as well as the requirements of the Philadelphia Home Rule Charter; that, in default thereof, this court promulgate a councilmanic redistricting plan for utilization in the current 1971 municipal primary and general election.

Defendants' answer denies all of plaintiffs' allega-

tions that bill no. 2240, as amended, is invalid, unconstitutional or unlawful, and to the contrary avers that the councilmanic districts created thereunder, are valid, constitutional and lawful, and in all other respects comply with all applicable ordinances, statutes and constitutions. Under new matter, defendants allege that plaintiffs are guilty of laches in failing to institute action to prevent the council from redistricting on the basis of preliminary tract figures or from challenging the validity of the redistricting ordinance immediately upon its enactment.

From the pleadings and the proofs, we make the following:

## FINDINGS OF FACT

1. It has been stipulated that the plaintiffs are proper parties to this action.

2. It has been stipulated that defendants are proper parties to this action with the exception that David Cohen and W. Thacher Longstreth, having resigned as members of city council, may be dropped as defendants.

3. Section 2-102 of the Philadelphia Home Rule Charter provides, inter alia:

"It shall be the mandatory duty of the Council to redistrict the City within six months after the publication by the United States Census Bureau of the population of the City at each decennial census. Each district shall consist of a ward or contiguous wards containing as nearly as possible the population factor obtained by dividing the City's population at the preceding decennial census by ten. At the expiration of the six months period, if the Council shall have failed to redistrict the City as herein required, the councilmen shall not receive any further salaries until the Council shall have passed and the Mayor shall have approved a redistricting ordinance as herein required or until

such ordinance shall have become law without the Mayor's approval."

4. Article 9, sec. 11, of the Pennsylvania State Constitution provides:

"Within the year following that in which the Federal decennial census is officially reported as required by Federal law, and at such other times as the governing body of any municipality shall deem necessary, each municipality having a governing body not entirely elected at large shall be reapportioned, by its governing body or as shall otherwise be provided by uniform law, into districts which shall be composed of compact and contiguous territory as nearly equal in population as practicable, for the purpose of describing the districts for those not elected at large."

5. On February 11, 1971, defendant, city council, ordained bill no. 2240, as amended, which bill was approved on the same date by the Mayor of the City of Philadelphia, entitled "AN ORDINANCE Amending Section 20-501 of The Philadelphia Code, relating to boundaries of Councilmanic Districts, by revising the boundaries of Councilmanic Districts, under certain terms and conditions."

6. The preliminary tract census figures obtained by defendant, city council, in late November or early December 1970, indicated that the then existing councilmanic districts showed variances in population beyond those permissible under the one-man one-vote principle.

7. Defendant, city council, utilized preliminary census tract figures furnished by the United States Census Bureau in its attempt to achieve equal voting districts as expressed in bill no. 2240, as amended.

8. The present election process commenced on February 16, 1971, the first date on which nominating petitions could be circulated.

9. The last day for filing nomination petitions for the primary election scheduled to be held on May 18, 1971, is March 9, 1971.

10. It has been agreed and stipulated by the parties that this hearing shall be regarded as a final hearing and be treated as if exceptions had been filed and dismissed.

## DISCUSSION

In late November or early December 1970, upon publication of the United States Census Bureau's preliminary tract figures resulting from its 1970 decennial census, it became clear to the Council of the City of Philadelphia that the then existing councilmanic districts so varied in population as to be unconstitutional under the one-man one-vote principle. In preparation for the forthcoming 1971 municipal elections, city council instituted the appropriate legislative measures necessary for redistricting the councilmanic districts then in existence by enacting bill no. 2240, as amended, entitled "AN ORDINANCE Amending Section 20-501 of the Philadelphia Code, relating to boundaries of Councilmanic Districts, under certain terms and conditions."

Subsequent to this enactment (within two weeks), plaintiffs instituted this action in equity seeking to nullify bill no. 2240 as being invalid, unconstitutional and unlawful. Plaintiffs advanced two arguments in support of their action: first, that the councilmanic districts established were not compact, and thus, were in violation of article 9, sec. 11, of the Pennsylvania Constitution which provides, inter alia, that districts ". . . shall be composed of compact and contiguous territory as nearly equal in population as practicable, . . ."; and secondly, that the population variances within each councilmanic district established under

bill no. 2240 exceeded the limit permissible under the constitutional standards sanctioned by the United States Supreme Court. Plaintiffs' prayer requests we decree the Council of the City of Philadelphia to ordain a new redistricting ordinance which meets the Federal and State constitutional requirements as well as the requirements of the Philadelphia Home Rule Charter, and, in default of so acting, that this court promulgate a councilmanic redistricting plan for utilization in the current 1971 municipal primary and general election.

Defendants' answer denies that bill no. 2240 is invalid, unconstitutional or unlawful. Further, defendants argue first, that this court is without authority to vary the provisions of the Election Code of Pennsylvania of June 3, 1937, P. L. 1333, 25 PS §2600, et seq.; and secondly, that this court is without authority to interrupt an election process already begun.

It is clear that the principal constitutional criteria for evaluating the validity of legislative districts is whether or not said districts provide equal representation for equal numbers of people. See Wesberry et al. v. Sanders et al., 376 U. S. 1; Reynolds et al. v. Sims et al., 377 U. S. 533; and Avery v. Midland County et al., 390 U. S. 474. This does not preclude a legislative body from considering additional criteria such as compactness as provided in article 9, sec. 11, of our Constitution. The cardinal rule to be followed, however, is that geographic compactness may not result in any deviation from the one-man one-vote principle; further, aesthetic and symmetrical appearances alone will not support either population variances or geographic redistricting. See Kirkpatrick et al. v. Preisler et al., 394 U. S. 526; Wells v. Rockefeller et al., 311 F. Supp. 48, affirmed 398 U. S. 901, 26 L. Ed. 2d 60 (1970).

In any attempt on our part to afford plaintiffs the

relief sought herein, assuming arguendo that bill no. 2240 is either unlawful or unconstitutional, we are burdened not alone with the factor of time but with a record lacking in full evidentiary value. For example, plaintiffs' witness, Dr. Sidney W. Hess, an Associate Professor of Statistics at the University of Pennsylvania, testified as to various tests currently used to evaluate the compactness of a voting district. Upon examination by the court, Dr. Hess explained that in examining the question of compactness, he was concerned with the dimensions of shape, either area or length, but not with equality of population. Certainly, such testimony is subject to the closest scrutiny and is of little value in disposing of the issues raised herein.

There is no question that at the time of the enactment of bill no. 2240, city council made use of the best available population figures then at its disposal, i.e., preliminary tract figures. Nevertheless, R. Damon Child, Executive Director of the City Planning Commission, testified that errors in block figures subsequently submitted had been discovered. That such errors, some of which may be substantial, have already occurred, impels us to direct city council, as legislatively mandated under section 2-102 of the Philadelphia Home Rule Charter, to make a thorough reexamination of the councilmanic districts established under bill no. 2240, as amended, after the final verified 1970 United States Census Bureau's decennial figures are published.

It is well established that courts should not only be reluctant to interfere in areas better left to legislative prerogatives, but that this should be particularly true where the election process, as herein, has progressed to its final stages. See Newbold v. Osser, 425 Pa. 478, and Wells v. Rockefeller et al., 394 U. S. 542. Further, since by legislative mandate, as indicated supra, city

council must redistrict the city within six months after publication by the United States Census Bureau of the population of the City, the issues raised herein may at that time be fully adjudicated after a full and complete hearing, should plaintiffs so desire.

It is conceded that the date for publication of final block and tract figures remains indefinite, and certainly not before August 1, 1971. Absent this information it would be futile to order a postponed special primary election for district councilmen, and at an estimated cost of $600,000 to the taxpayers. Pending the final official figures, any revised plan would have no greater validity than the one under dispute in this action

In the light of the above, this court concludes that to postpone the scheduled primary election, or to judicially interfere with the orderly procedures already under way, would not only create havoc for the municipal election processes, but confusion and difficulties for the candidates for the other elective offices, both municipal and State-wide.

## CONCLUSIONS OF LAW

1. Section 2-102 of the Philadelphia Home Rule Charter directs the Council of the City of Philadelphia ". . . to redistrict the City within six months after the publication by the United States Census Bureau of the population of the City at each decennial census."

2. Said redistricting is to be effected in accordance with the officially published United States Census Bureau decennial figures.

3. Article 9, sec. 11, of the Pennsylvania Constitution directs that reapportioned districts shall be composed of both "compact" and "contiguous" territory as nearly equal in population as practicable.

4. On February 11, 1971, defendant, city council,

ordained bill no. 2240, as amended, which bill was approved on the same date by the Mayor of the City of Philadelphia, entitled "AN ORDINANCE Amending Section 20-501 of The Philadelphia Code, relating to boundaries of Councilmanic Districts, by revising the boundaries of Councilmanic Districts, under certain terms and conditions."

5. Said redistricting was based on the preliminary tract figures resulting from the 1970 decennial census, which figures, although not finally verified, were the best available figures.

6. The councilmanic districts existing prior to the enactment of bill no. 2240, as amended, so varied in population as to be unconstitutional under the one-man one-vote principle.

7. There is insufficient time in light of the provisions of the Election Code of Pennsylvania of June 3, 1937, P. L. 1333, 25 PS §2600, et seq., to reconsider redistricting the presently existing councilmanic districts established under bill no. 2240, as amended.

8. The delay created by any such redistricting would make it impossible to hold a proper municipal primary election on May 18, 1971; additionally, the confusion ensuing from any such redistricting would not only impede and obstruct the municipal election, but the general election as well.

9. For the purposes of this adjudication, "final verified 1970 United States Census Bureau's decennial figures" shall mean both final tract and block figures.

## ORDER

And now, March 9, 1971, after hearing and argument upon the foregoing complaint in equity it is ordered, adjudged and decreed that the prayer requesting postponement and rescheduling of the final date for filing nominating petitions for district councilmen

for the primary election scheduled for May 18,1971, is hereby refused.

It is further ordered, adjudged and decreed that the Council of the City of Philadelphia shall redistrict the city within six months after publication of the final verified 1970 United States Census Bureau's decennial figures as provided in section 2-102 of the Philadelphia Home Rule Charter and in accord with article 9, sec. 11, of the Pennsylvania Constitution.

In all other respects, the complaint in equity is dismissed.

Pending compliance with the above order this court shall retain jurisdiction over the issues raised herein and the parties hereto.